IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AHMOUD RENAULT BARBER, | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | NO. 5:23-cv-00312-MTT-CHW |
| TIMOTHY WARD, *et al.*, | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Plaintiff Ahmoud Renault Barber, a prisoner in Riverbend Correctional Facility in Milledgeville, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, Plaintiff's motion to proceed *in forma pauperis* was granted, and he was ordered to pay an initial partial filing fee of $19.85. Order, ECF No. 6. Plaintiff paid the initial partial filing fee, and on preliminary review of his complaint, Plaintiff was ordered to file a recast complaint. Order to Recast, ECF No. 8.

Plaintiff has now filed a recast complaint, which is also subject to a preliminary review. On that review, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to safety claim against Unit Manager Wilcox. It is **RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** as to Timothy Ward and Tyrone Oliver.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is subject to a preliminary review.  *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).  When performing this review, the court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

In his recast complaint, Plaintiff asserts that, in late September 2022, when he was housed in the segregation unit at the Georgia Diagnostic and Classification Prison, he was forced out of his cell and assaulted by three gang members. Recast Compl. 5, ECF No. 9. The gang members robbed and stabbed Plaintiff. *Id.* Plaintiff yelled for help, but there were no staff members in the building at the time. *Id.* Plaintiff was left bleeding on the floor for three to four hours before staff arrived and took Plaintiff to medical. *Id.* Plaintiff was then transported to the hospital where he was given stitches. *Id.* The doctors at the hospital recommended a follow-up visit, but Plaintiff was never brought back for further treatment. *Id.*

Plaintiff asserts that Unit Manager Wilcox was responsible for managing the unit and ensuring the safety of the prisoners. *Id.* Moreover, before the attack, Plaintiff had told Wilcox that he was afraid for his safety because certain prisoners were opening cell doors and attacking other prisoners. *Id.* In addition to Wilcox, Plaintiff names past and present Commissioners of the Georgia Department of Corrections, Timothy Ward and Tyrone Oliver. *Id.* at 1.

### III. Plaintiff's Claims

Plaintiff's allegations implicate a potential claim for deliberate indifference to his safety. To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk to the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90. If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted. *Id.* at 1290.

#### A. Unit Manager Wilcox

Plaintiff asserts that he spoke to Unit Manager Wilcox before the incident occurred, alerting Wilcox to the fact that prisoners were getting out of their cells and attacking other inmates. Wilcox apparently took no action in response to this information. Moreover, at least on this occasion, Wilcox left the unit without supervision for hours at a time. Under these circumstances, Plaintiff was attacked and his treatment was delayed for hours.

4

These allegations, construed broadly and in Plaintiff's favor, are sufficient to suggest that Wilcox may have been deliberately indifferent to Plaintiff's safety. Therefore, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference claim against Wilcox.

### B. GDOC Commissioners

Plaintiff does not allege any facts to show that either former Commissioner Timothy Ward or current Commissioner Tyrone Oliver was personally involved in the events underlying his claims. Instead, Plaintiff appears to be including them as defendants based on their supervisory positions. In an attachment, Plaintiff states that they were responsible for the operation of the Department of Corrections and "should have known" that the prison was unsafe. Attach. to Compl. 4, ECF No. 9-1.

To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff's allegations do not show personal participation or a causal connection between these defendants and his claim. Therefore, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to Timothy Ward and Tyrone Oliver.

IV.   Conclusion

As set forth above, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to safety claim against Unit Manager Wilcox. It is **RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** as to Timothy Ward and Tyrone Oliver.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT UNIT MANAGER WILCOX**, and that he file an Answer, or other

response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that

discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 13th day of February, 2024.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge